General Utilities Corp., Appellant, *v.* Goldman and Gorin.

Argued October 12, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Norman H. Fuhrman* of *Fuhrman & Fuhrman,* for appellant.

*I. Finkelstein,* and with him *David S. Malis,* for appellee.

OPINION BY STADTFELD, J., January 25, 1933:

This was an action of replevin brought on July 26, 1928, by General Utilities Corporation against Eugene M. Goldman to recover possession of an Oil-O-Matic Oil Burner with pipe line connections and one steel tank. Sara Gorin was subsequently added as an additional defendant.

Plaintiff's declaration averred that on October 17, 1927, it was the owner of a certain oil burner, described as a No. 1200 model G. Oil-O-Matic Oil Burner and incidental equipment consisting, inter alia, of a 275 gallon steel tank, of which plaintiff claimed possession by virtue of a certain written agreement between it and the said Eugene M. Goldman, a copy of which is attached to said declaration and bears date October 17, 1927. Said agreement provided for the installation of said burner and equipment on the premises of the said Goldman at 1716 67th Avenue, Philadelphia, for the sum of $695 to be paid $50 cash with order and "balance in 90 day renewable note with 6% interest at 6% per annum on unpaid balance to be paid in ...... monthly installments of $......, beginning with the ...... day of ......, 19.....'' The agreement further provided ''that title to and ownership of said burner

shall continue to vest in the seller until such time as the agreed price shall be paid,'' and that should default be made in the payments then the ''seller'' (plaintiff) may declare the entire sum remaining unpaid to be immediately due and payable and elect to sue or enter with or without legal process and retake possession of the said oil burner and equipment.

Plaintiff further averred that subsequent to the execution of said agreement and prior to the installation of the oil burner and equipment, towit, on or about October 25, 1927, it was orally agreed by and between the said Goldman and plaintiff that plaintiff should substitute for the agreed further rental of $140 a 1,000 gallon steel tank in the place of the 275 gallon steel tank as specified in the ''Bailment Contract'' of October 17, 1927, and that by the terms of said bailment contract and subsequent addition thereto the said Goldman should pay a total hire or rental of $835 to be paid as hereinbefore specified. Plaintiff further averred that the said Goldman did not pay any of the installments of hire due, nor did he execute and deliver to plaintiff the renewal notes specified in the contract, whereupon the entire amount forthwith became due and payable; that on July 26, 1928, plaintiff filed its bond in the sum of $1700, and issued its writ of replevin. Plaintiff averred that the sheriff, pursuant to said writ, replevied said oil burner and equipment; that on August 8, 1928, one Sara Gorin, the added defendant, averring ownership of said premises 1716 67th Avenue, and alleging possession of said oil burner and equipment at the time of the service of the writ of replevin, requested leave to file a counter-bond. By agreement of counsel, the court made absolute the rule granted on her petition and the said Sara Gorin was added as defendant and filed her counter-bond and thereupon the said oil burner and equipment were redelivered to the said premises and re-installed in position as before the

issuing of the writ. The plaintiff further averred that neither of the defendants paid the rentals which accrued, or any part thereof, and have neglected and refused to return to plaintiff the said oil burner and equipment; that neither of the defendants have any title to or interest in the same and neither of them are entitled to the possession of the same as against plaintiff; wherefore plaintiff seeks to recover all legal costs incident to the issuance of said writ, all work and labor costs incidental to the removal and subsequent re-installation of the said oil burner and equipment, and the sum of $1,000 which includes the value of the same, plus the installation costs, expenses, work and labor incidental to the writ of replevin and damages for unlawful detention.

On May 7, 1931, by agreement of counsel, plaintiff's declaration was amended so that the averments in the declaration referring to the written contract as a "Bailment Lease" and any and all averments referring to "Rentals" or "Rent" should be considered as amended and be taken to read in each and every instance to refer to a "Contract of Conditional Sale" and that all monies paid or to be paid under said contract to read as "Sums paid upon the purchase price"; also by adding a supplementary paragraph averring that at the time of the installation of the said oil burner and equipment on or about October 25, 1927, the said Sara Gorin had and still has knowledge that the said oil burner and equipment had been sold to the defendant, Eugene M. Goldman, under the terms of said contract of conditional sale, Exhibit "A" attached to the declaration.

Upon the trial of the case, Merril S. Benson, secretary and treasurer and general manager of plaintiff corporation, identified the original contract of date October 17, 1927 which was offered in evidence. He testified that before the installation of the oil burner,

Goldman expressed a desire to have a 1,000 gallon tank instead of a 275 gallon tank as called for in the contract, and that when the installation was made it was made to include the 1,000 gallon tank at an additional cost of $240, less credit of $50 or $190; that it was not in substitution of the smaller tank, but it was a different price for the larger tank, that Goldman agreed to pay the difference between the two tanks and plaintiff agreed to go ahead with it and the installation was made on October 25, 1927; that the gross total price of the oil burner with the 1,000 gallon tank was $935; that Goldman paid $50 cash and was allowed $50 as commission; that the balance was never paid. The witness identified a letter of plaintiff corporation dated October 20, 1927, signed in the name of said corporation by Mr. Liehr, sales manager at the time, the contents of which were read into the record on cross-examination without objection. This letter reads as follows: "We agree to install an Oil-O-Matic Oil Burner according to the specifications on your 'Customer's Copy' subject to the following conditions: $50 in advance which covers the cost of the tank and installation. The balance of $645 to be paid by renewable note which is to be renewed every ninety days for a period not to exceed three years, until the amount of $645 is cleared up by commissions that may be due you from sale made through your influence. The commissions are as follows: $50 for each 1,000 gal. tank Oil-O-Matic installation $35 for each 285 gal. tank Oil-O-Matic installation. In view of the above concession we are to have the privilege of bringing prospects to your basement to receive demonstrations of the Oil-O-Matic Oil Burner. Yours very truly, General Utilities Corp. H. Liehr, Sales Manager."

The witness also admitted that a receipt dated October 17, 1927, was given by plaintiff corporation to defendant Goldman for $50 payment of deposit on Oil-

O-Matic Burner; also a bill dated December 21, 1927 showing sale of 1,000 gallon tank; also itemized bill dated March 31, 1928, showing the sale of the Oil Burner and 1,000 gallon tank, together with a credit of commission $50 and deposit paid $50.

At the conclusion of the testimony ex parte plaintiff, the court granted a compulsory non-suit which it subsequently, in an opinion by KNOWLES, J., declined to take off. From the refusal to take off the non-suit, this appeal is taken.

The sole questions involved are whether there was a conditional sale and whether there was a default in payment. The agreement of October 17, 1927 did not on its face state when the balance of the purchase price, after the cash payment of $50, was to be paid. It provided for the payment of the balance of $645 by renewable note but did not specify how long it could be renewed. It was therefore not complete. Under the letter of October 20th, the $645 was to be paid within a period of three years, and then not in cash, but by commissions to be earned by Goldman, and specifying the commission. That this agreement was intended as an absolute sale was further evidenced by the admission of the witness Benson that plaintiff corporation gave the receipt and rendered the bills referred to.

Neither in the receipt nor in the bills referred to is there any reservation of title, or anything indicating a conditional sale. The bill of March 31, 1928 was evidently in pursuance of the agreement of October 20, 1927, which superseded the agreement of October 17th, as the agreement of October 20th is the only one which provided for the payment of commissions. Under the latter agreement defendant had three years in which to earn these commissions. At the time the writ of replevin issued, this period had not yet expired. Regardless of the question of title, defendant was entitled to possession at the time.

In Ferguson v. Rafferty, 128 Pa. 337, our Supreme Court, by Mr. Justice Green, p. 361, said: "In Harlan v. Harlan, 15 Pa. 507, we said: 'It is well settled as a general principle, that in Pennsylvania replevin lies wherever one man claims goods in the possession of another, and this, whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right of possession.' The same doctrine is repeated in Miller v. Warden, 111 Pa. 300, and in other cases."

Both for the reason that the evidence did not establish a conditional sale, as also that there was no default, plaintiff was not entitled to recover and the trial court did not err in entering a non-suit.

The assignment of error is overruled and judgment affirmed.